JUSTICE GRAY,
dissenting.
¶67 I respectfully dissent from the Court’s opinion. I would hold that the District Court’s findings of fact are not clearly erroneous and its conclusions of law are correct and, on that basis, I would affirm that court’s decision in its entirety.
¶68 I do not disagree with the “APPLICABLE LAW” portion of the Court’s opinion. I agree that Kelley’s third method of establishing an employment relationship is at issue in this FELA case and that, under that test, the plaintiffs must establish that the LRC is a servant of MRL such that the plaintiffs, in turn, are subservants. Moreover, the criteria set forth in the Restatement (Second) of Agency § 220(2), are applicable in making that determination and those criteria are, as expressly stated therein, “matters of fact.” In addition, as Kottmeyer instructs, the question of whether the plaintiffs were “employed” by a *186 common carrier by railroad under Kelley’s third method of establishing such employment also is a question of fact for the finder of fact, based on all relevant evidence. See Kottmeyer, 424 N.E.2d at 352-53. Importantly, the Kottmeyer court was reviewing the jury’s special interrogatory verdict finding the plaintiff had been employed by the railroad at the time of his injury to determine whether sufficient evidence supported the jury’s finding. See Kottmeyer, 424 N.E.2d at 347. Our proper role here is the same: to determine whether the findings in favor of MRL and the LRC regarding control and employment made by the District Court — acting as the factfinder in this case — are supported by the evidence.
¶69 My biggest problem with the Court’s opinion is that, having correctly stated the applicable law, the Court thereafter fails to apply it. In other words, having set forth the applicable legal principles, including the criteria contained in § 220(2) of the Restatement (Second) of Agency, the Court’s opinion never again mentions — much less applies — the law.
¶70 The Court’s actual approach to this case is foreshadowed by its early statement that “we will review the evidence presented to the District Court.” (Emphasis added.) The proper approach to reviewing a trial court’s findings of fact to determine whether they are clearly erroneous is for this Court to examine the record to ascertain, first, whether substantial evidence supports that court’s findings. Here, the Court does not do so; instead, it sets forth at some length the portions of the record upon which it ultimately will make its own determinations about the weight of the evidence. Indeed, the reader would never know from reading the Court’s opinion that, after a 9-day bench trial at which nearly two dozen witnesses testified and for which the transcript exceeds 2000 pages, the District Court entered 53 pages of extensive findings of fact and conclusions of law. The reader also would not know that the specific findings by the District Court which this Court determines are clearly erroneous — namely, Finding No. 24, that MRL and the LRC had an arms-length relationship, and Finding No. 27, that the LRC functioned independently — were premised on extensive earlier findings which resulted from that court’s weighing of the evidence and credibility determinations and in which the District Court stated the evidence on which it relied.
¶71 Moreover, the so-called “FACTUAL BACKGROUND” presented in the Court’s opinion is — in large part — nothing of the kind. Examples of the non-“facts” included in that portion of the opinion are *187 entirely speculative phrases by the Court — not by any witnesses in this case — such as “[i]t was undoubtedly because” and “[i]t is perhaps because.” In addition, the Court editorializes in its “facts” by such phrases as “it is not surprising.”
¶72 In addition, the Court’s purported “FACTUAL BACKGROUND” is salted with statements of law which have no relevance or application to this case, such as the definition of “employer” contained in the Railroad Retirement Act. While the Court concedes that the definition is “not identical” to that at issue in this case, the Court attempts to buttress its opinion by the suggestion that the “common consideration of‘control’ ” contained in the nonapplicable definition is somehow relevant here. A comparison of the definition of control contained in the Railroad Retirement Act with the criteria contained in § 220(2) of the Restatement (Second) of Agency reflects that the “control” elements are, indeed, significantly different. Thus, the Court’s inclusion of the opinion rendered by the Deputy General Counsel for the Railroad Retirement Board — in a different proceeding under a different definitional standard — that the LRC “is under common control with one or more railroad employers” has no bearing here, either legally or factually. Nor is it relevant to this case that the LRC did not appeal that determination or that the Seventh Circuit Court of Appeals affirmed a separate determination appealed by the LRC. Likewise, the Court’s ¶ 33, in the so-called “FACTUAL BACKGROUND” section of the opinion, is a statement of the Court’s legal opinion that the Railroad Retirement Board’s finding that the LRC was under the control of the principals in MRL is “probative of the issue in this case.” The statement is not only not “factual,” it is incorrect, given the Court’s earlier correct statement that Kelley and the Restatement are the applicable law in this case.
¶73 What follows in the Court’s opinion is a several-page summary of the evidence it has culled from the 2146-page transcript of the trial in this case. That summary presents only the evidence the Court wishes to recognize, since it is evidence that supports the Court’s result. The problem is that the Court excludes massive amounts of other evidence, much of which the District Court relied on in making its 18-page findings of fact, and which support the District Court’s findings.
¶74 I cannot agree. I would affirm the District Court’s findings and conclusions and I dissent from the Court’s failure to do so.
CHIEF JUSTICE TURNAGE joins in the foregoing dissent of JUSTICE GRAY.